### PHELAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 1, 1918. Rehearing Denied May 13, 1918.)

#### No. 3086.

1. CRIMINAL LAW ⚙️130, 441—DRAFT—REGISTRATION—EVIDENCE.
   In a prosecution for failing to register in accordance with Selective Draft Act May 18, 1917, c. 15, 40 Stat. 76, baptismal records and copies of applications for a pension and for homestead, executed by defendant's mother, wherein she set out his age, are admissible in evidence.

2. ARMY AND NAVY ⚙️40—DRAFT—REGISTRATION—EVIDENCE.
   In a prosecution for failing to register under Selective Draft Act May 18, 1917, c. 15, where the baptismal record of defendant, made by a Roman Catholic priest, was introduced in evidence, it was competent for the priest to testify as to the tenets of his faith concerning the baptism of infants.

3. CRIMINAL LAW ⚙️430—EVIDENCE—CERTIFIED COPIES.
   Under Rev. St. § 882 (Comp. St. 1916, § 1494), providing for the admission of copies of records of executive departments, certified copies of pension applications, which are part of the records of the Pension Bureau, are admissible in evidence.

4. CRIMINAL LAW ⚙️730(1)—TRIAL—IMPROPER ARGUMENT.
   Improper argument of the prosecutor is no ground for reversal, where the jury were explicitly directed to disregard it.

---

⚙️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benj. F. Bledsoe, Judge.

Edward H. Phelan was convicted of failing to register in accordance with Selective Draft Act May 18, 1917, c. 15, and he brings error. Affirmed.

Isidore B. Dockweiler and Dockweiler & Mott, all of Los Angeles, Cal. (G. C. O'Connell, of Los Angeles, Cal., of counsel), for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. We see no merit in any of the contentions on behalf of the plaintiff in error. The indictment against him charged, among other things, that on the 5th day of June, 1917, he was over 21 years of age and had not then attained the age of 31 years, and that notwithstanding the fact that the said 5th day of June was the day appointed by proclamation of the President for the purpose, and that the said plaintiff in error did not come within any of the exceptions contained in the act of Congress in pursuance of which the said proclamation was issued, to wit, the act approved May 18, 1917, entitled "An act to authorize the President to increase temporarily the military establishment of the United States," the said plaintiff in error willfully failed and refused to present himself for and submit to registration thereunder.

The record shows that the sole defense interposed by the plaintiff in error in the court below was based upon the contention that he was born March 13, 1886, and was therefore more than 31 years old on the 5th day of June, 1917. The proof on the part of the government, given on the trial, tended to show that he was in fact born July 13, 1886, and was therefore not 31 years old June 5, 1917. The jury found that issue in favor of the government, and accordingly returned a verdict of guilty, upon which verdict judgment was duly entered.

[1-3] The testimony of the plaintiff in error, as well as that of his mother, given on the trial, was to the effect that he was born March 13, 1886; but even in that testimony both of them admitted that up to within about four years of the time of the trial the plaintiff in error was under the "impression" that his birthday was July 13, 1886. The government offered, and there was admitted in evidence over the objections of the defendant, copies, duly certified by the Commissioner of Pensions, of certain applications, filed years before the giving of her testimony in the present case by the mother of the plaintiff in error, for a pension as the widow of the father of the plaintiff in error, who was a soldier in the Civil War, in which applications she expressly declared the plaintiff in error was born July 13, 1886; and the government also offered, and there was admitted in evidence, also over the objections of the defendant, a petition for a homestead, filed by the mother of the plaintiff in error February 9, 1892, in the superi-

or court of Los Angeles county, in the matter of the estate of her deceased husband, in which petition she stated, among other things, at the time of the death of her husband, which occurred June 1, 1889, that the plaintiff in error was born July 13, 1886; and there was other testimony given on behalf of the government of the same tendency—among which was that of Monsignor Harnett, of the Catholic Church, who testified in substance that as priest he was called upon to and did baptize the plaintiff in error at the residence of his parents; that by the requirements of his church the priest is obliged to record the date of the baptism of infants, and did so in the instant case; the witness saying:

"I have the baptismal record of the year 1886 with me, and there is recorded in that book the baptismal record of the defendant, Edward Henry Phelan. I baptized the child, and after referring to the record can state the date of the baptism"—giving it as August 8, 1886.

The witness was further permitted to testify, over the objection and exception of the defendant, as follows:

"The teaching of the Catholic Church with regard to the death or with regard to the salvation of infants who die without baptism is that no one, no child who is unbaptised and dies before it obtains the use of reason, can enter into the kingdom of Heaven."

We think that all of the testimony referred to, to which objection was taken, tended to sustain the contention of the government that the true date of the birth of the plaintiff in error was July 13, 1886, and accordingly that the objections were properly overruled.

The objections to the introduction in evidence of the certified copies of the records of the Pension Bureau are sufficiently answered by the provisions of the statutes of the United States. Act Aug. 24, 1912, c. 370, 37 Stat. part. 1, pp. 497, 498 (Comp. St. 1916, §§ 675–680)·

[4] Conceding the impropriety of the remarks of the United States attorney complained of, the error, if any, was, we think, sufficiently cured by the instructions of the court to the effect that the jury should "not consider the remarks of the United States attorney, coming to a conclusion from this evidence. The jury have no right to consider any evidence that was excluded."

The judgment is affirmed.